# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | | |
|---|---|---|
| **WILLIAM EYSTER, JR., an individual,** and **JANET EYSTER, an individual** | * * * | |
| Plaintiffs, | * * | Case No.:  2:17-cv-02089-MHH |
| v. | * | |
| **GENERAL MOTORS, LLC, a corporation, a/k/a or d/b/a GENERAL MOTORS** | * * * * | |
| Defendant(s). | * | |

## REPORT OF THE PARTIES PLANNING MEETING

1. The following persons participated in a Rule 26(f) conference on January 10, 2018, by telephone:
    a. Michael Bradley, Esq., on behalf of Plaintiffs;
    b. Alan Thomas, Esq., on behalf of Defendant General Motors, LLC; and
    c. Elizabeth Davis, Esq., on behalf of Defendant General Motors, LLC.
2. **Initial Disclosures.**  The parties will exchange Initial Disclosures on **February 16, 2018**.
3. **Discovery Plan.**
    a. This case involves allegations made pursuant to the Alabama Extended Manufacturer's Liability Doctrine, Alabama's product liability statute.  The product at issue is a 2006 Suzuki Forenza.  This case arises from injuries that occurred on or about August 24, 2015, when Plaintiff William Eyster attempted to crank the Suzuki Forenza.  Plaintiffs allege that the driver's seat airbag of the vehicle deployed when he placed the key in the ignition switch, and turned the switch to the "on" position (before the vehicle cranked), causing physical injuries and property damage.  Plaintiffs allege that the subject 2006 Suzuki Forenza is defective and unreasonably dangerous as designed, manufactured, sold and distributed.  Plaintiffs also allege that Defendant negligently and/or wantonly designed, manufactured, sold, distributed, and provided warnings with respect to the subject 2006 Suzuki Forenza.  Plaintiffs also allege that Defendant breached express and/or implied warranties with respect to the subject 2006 Suzuki Forenza.  Plaintiffs contend that, as a result, Mr. Eyster suffered personal injuries.  Mrs. Eyster also claims property damage for the loss of the subject 2006 Suzuki Forenza.

    The Defendant denies all of Plaintiffs' allegations.

Without waiving any objections to discovery requests, the parties anticipate seeking discovery on the following:
1. Facts and circumstances surrounding the subject incident;
2. Plaintiffs' defect allegations;
3. Plaintiffs' claimed damages;
4. Service and warranty notices issued by the defendant;
5. Vehicle design, testing, and warnings;
6. Service and maintenance history of the subject vehicle; and
7. Defendant's affirmative defenses.

b. The parties will commence discovery on **February 16, 2018,** and will complete discovery on **January 18, 2019**, except that as to any witnesses whose names are not revealed with sufficient time for the other parties to take a deposition prior to the pretrial conference, the opposing party shall have the time extended in this paragraph to allow for deposing such witnesses.

c. The parties agree to a maximum of twenty-five (25) interrogatories by each party to another party, including all discrete subparts. Plaintiffs' responses will be due thirty (30) days after service, and Defendant's responses will be due thirty (30) days after service, unless extended by agreement of the parties.

d. The parties agree to a maximum of forty-five (45) requests for admission by each party to another party. Plaintiffs' responses will be due thirty (30) days after service, and Defendant's responses will be due thirty (30) days after service, unless extended by agreement of the parties.

e. The parties agree to a maximum of fifteen (15) depositions pursuant to Rule 30.

f. Depositions shall not exceed seven (7) hours pursuant to Rule 30, excluding off-record breaks, unless extended by agreement of the parties.

g. Reports from retained experts pursuant to Rule 26(a)(2) will be due:

From Plaintiffs by **February 15, 2019**, with depositions of Plaintiffs' experts to be completed by **March 15, 2019**; and

From Defendant by **May 10, 2019**, with depositions of Defendant's experts to be completed by **June 7, 2019**.

Any supplementation of expert disclosures shall be made on or before **June 28, 2019**.

    h. Supplementation pursuant to Rule 26(e) is due from both parties as required by law and set forth under the Rule.

4. **Other Items.**

    a. The parties do not request a conference with the Court before entry of the scheduling order.

    b. The parties request a final pretrial conference on or after **August 16, 2019**.

    c. Plaintiffs should be allowed until **June 1, 2018,** to join additional parties and amend the pleadings.

    d. Defendant should be allowed until **June 29, 2018,** to join additional parties and amend the pleadings.

    e. All potentially dispositive motions should be filed on or before **July 12, 2019**.

    f. The parties believe it is necessary to conduct discovery before prospects for settlement can realistically be determined.

    g. Settlement may be enhanced by the use of non-binding mediation after discovery is substantially underway.

    h. On or before **July 22, 2019**, each party shall, pursuant to the provisions of Rule 26(a)(3) of the Federal Rules of Civil Procedure, exchange the names, addresses and telephone numbers of all witnesses, except those witnesses solely for impeachment purposes, separately identifying those whom the party expects to present and those whom the party may call if the need arises. Unless specifically agreed between the parties or allowed by the Court for good cause shown, the parties shall be precluded from calling any witnesses not so identified.

    On or before **July 22, 2019**, each party shall, pursuant to the provisions of Rule 26(a)(3) of the Federal Rules of Civil Procedure, furnish to opposing counsel for copying and inspection all exhibits or tangible evidence to be used at the trial, and proffering counsel shall have such evidence marked for identification prior to trial. Unless specifically agreed by the parties or allowed by the Court for good cause shown, the parties shall be precluded from offering such evidence not so furnished and identified, with the exception of evidence used solely for the purpose of impeachment.

On or before **July 12, 2019**, the parties shall, pursuant to the provisions of Rule 26(a)(3) of the Federal Rules of Civil Procedure, identify any part of a deposition or other document that a party expects to use at trial.

i. The parties should file objections to trial witness and exhibit lists by **August 2, 2019.** Evidence to which no party timely objects shall be deemed genuine and admissible.

On or before **July 26, 2019**, the adverse parties shall identify any counter-designations of depositions expected to be used and objections to any such initial designations. On or before **August 9, 2019**, the parties shall identify any rebuttal testimony and objections to counter-designations. Unless specifically agreed between the parties or allowed by the Court for good cause shown, the parties shall be precluded from using any part of a deposition or other document not so listed, with the exception of parts of depositions or documents to be used solely for the purpose of impeachment. Except to the extent written objections are served to designated deposition testimony as set forth above, each party shall be deemed to have agreed that one of the conditions for admissibility under Rule 32 of the Federal Rules of Civil Procedure is satisfied with respect to any such deposition and that there is no objection to the testimony so designated.

j. The case should be ready for trial by **September 2, 2019,** and is expected to take approximately ten (10) trial days.

k. The parties discussed document production and ESI, and anticipate the need for a protective order governing the production of confidential documents. The parties will work together to submit a stipulated protective order.

 

Respectfully submitted,

*/s/ Elizabeth P. Davis*
D. Alan Thomas
Elizabeth P. Davis
Attorneys for Defendant,
GENERAL MOTORS, LLC

**OF COUNSEL:**
HUIE, FERNAMBUCQ & STEWART, LLP
Three Protective Center
2801 Highway 280 South, Suite 200
Birmingham, AL 35223-2484
Telephone:  (205) 251-1193
Telecopier: (205) 251-1256
athomas@huielaw.com
edavis@huielaw.com

/s/Michael C. Bradley
Tom Dutton
Michael C. Bradley
Attorneys for Plaintiff

**OF COUNSEL:**
PITTMAN, DUTTON & HELLUMS, P.C.
2001 Park Place Tower
Birmingham, AL 35203
tomd@pittmandutton.com
mikeb@pittmandutton.com