FILED

2018 Jan-18  PM 05:12
U.S. DISTRICT COURT
N.D. OF ALABAMA



# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | |
|---|---|
| **WILLIAM EYSTER, JR. and**<br>**JANET EYSTER,** } | |
| } | |
| **Plaintiffs,** } | |
| } | **Case No.:  2:17-cv-02089-MHH** |
| **v.** } | |
| } | |
| **GENERAL MOTORS, LLC.,** } | |
| } | |
| **Defendant.** } | |

## SCHEDULING ORDER

This order is entered under Fed. R. Civ. P. 16(b) based on the parties' report of a planning meeting.  This order supersedes any prior orders and governs further proceedings in this action unless modified for good cause shown.

1.  **Pleadings and Parties:**  No causes of action, defenses, or parties will be allowed after **June 1, 2018**, for plaintiffs, and **June 29, 2018**, for defendant.

2.  **Discovery limitations and deadlines:**
    a.  **Interrogatories:**  Max. **25** by any party directed to any other party;

    **Rule 36 Reqs:**  Max. **45** by any party directed to any other party;

    **Depositions:**  Max. **15** by any party directed to any other party.

    The parties must complete the depositions of all named parties no later than **June 3, 2019**.

    b.  **Expert Testimony:**  The disclosure of expert witnesses—including a complete report under Fed. R. Civ. P. 26(a)(2)(B) from any specially retained or employed expert—are due:

    From plaintiffs:    by **February 15, 2019.**

    From defendant:    by **May 10, 2019.**

c.      **Deadline:**  Unless modified by court order for good cause shown, all discovery must be commenced in time to be completed by **August 1, 2019**.

3.      **Dispositive Motions:** All potentially dispositive motions must be filed by **July 12, 2019**, and should be accompanied by a supporting brief.

4.      **Dispositive Motion Briefing:**   When the Court receives a motion that requires briefing, the Court shall enter a briefing schedule.   Information concerning the length of briefs and formatting for briefs appears in the Initial Order in this matter.

In addition to the requirements contained in the Initial Order, the parties' briefs in support of or in opposition to summary judgment motions must contain citations to the evidentiary record by CM/ECF document and page number.   To the extent possible, the Court asks the parties to please electronically file all evidentiary exhibits in support of and in opposition to summary judgment motions before the parties file their summary judgment briefs.  If a party cannot file evidence electronically before the party files it brief, the party shall, **within three days of filing a brief**, email to chambers (haikala_chambers@alnd.uscourts.gov) a Word version of the brief with CM/ECF record citations.[1]

5.      **Additional conference(s):** A status conference is scheduled in this matter on **August 12, 2019**, at **10:00 a.m.,** CR 7B, U.S. District Court, 1729 5th Avenue North, **Birmingham**, AL. Additional conferences, including a pretrial conference, will be scheduled as needed by separate order. Due dates for lists of trial witnesses, exhibits, and objections under Fed. R. Civ.  P. 26(a)(3) shall be established in a separate pretrial order.

6.      **Trial:** This case shall be ready for trial by **September 2019**.

7.      **General Considerations:** The Court welcomes oral argument. Requests for oral argument should be noted on the cover page of a motion/responsive brief.

Before a party files a motion to compel, the Court directs counsel for that party to please confer in person or by telephone with opposing counsel to discuss disagreements regarding discovery requests.  If the parties are unable to resolve their dispute during the conference, then the parties shall file a

---

[1] The Court may alter this procedure for pro se litigants.

joint motion requesting a telephone conference to discuss the discovery dispute.[2]   The joint motion must contain a brief statement regarding the nature of the discovery dispute.  The parties shall please attach to the motion relevant discovery requests and/or responses central to the dispute.  The joint motion must contain a statement certifying that the parties discussed the discovery dispute in person or by telephone and have been unable to resolve their disagreements.

Upon receipt of the joint motion, the Court will set a telephone conference to discuss the discovery dispute and will determine whether additional written submissions are required to resolve the dispute.

**DONE** and **ORDERED** this January 18, 2018.

_____
**MADELINE HUGHES HAIKALA**
UNITED STATES DISTRICT JUDGE

---

[2]   If an attorney makes a good faith effort but is unable to contact opposing counsel, then the attorney may unilaterally file a motion requesting a discovery telephone conference.  In such a case, the moving party must describe in the motion the attorney's efforts to contact and coordinate with opposing counsel.